IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JEAN M. CHAPMAN,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE[1],<br>Commissioner of Social Security,<br><br>    Defendant. | No. C06-3039-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

_____

    This matter comes before the court pursuant to United States Chief Magistrate Judge Paul A. Zoss's Report and Recommendation in this judicial review of the denial by an administrative law judge ("ALJ") of Title XVI supplemental security income. Chief Magistrate Judge Zoss determined that there was not substantial evidence in the record as a whole to support a finding that Jean M. Chapman ("Chapman") is not disabled due to Chapman's back pain, nerve damage in her legs, arthritis, and bone deterioration.

    Chief Magistrate Judge Zoss's Report and Recommendation concluded that the denial of benefits is not supported by substantial evidence. In fact, Chief Magistrate Judge Zoss concluded the record supports a finding of disability. *Chapman v. Astrue*, No. 06-3039-MWB, 2007 WL 1108932, *1 (N.D. Iowa, April 12, 2007). Specifically, Chief Magistrate Judge Zoss stated:

---

[1]This case was originally filed against Jo Anne B. Barnhart, who was at that time Commissioner of the Social Security Administration ("SSA"). On February 12, 2007, Michael J. Astrue became Commissioner of the SSA, and he hereby is substituted as the defendant in this action. *See* Fed. R. Civ. P. 25(d)(1).

> The court disagrees with the Commissioner's conclusion that substantial evidence in the record indicates Chapman "should be able to perform some work." (*Id.*) On the contrary, the record evidence supports an opposite finding. It is apparent that although Chapman's pain has improved somewhat since her surgery, she nevertheless is severely limited by pain. She takes regular, daily doses of OxyContin, a powerful narcotic pain reliever, as well as other pain medications. She has sought ongoing treatment since her surgery, and there has never been a time when she reported relief in her pain significant enough to allow her to resume normal activity. In addition, recent MRI and X-ray findings indicate the formation of scar tissue in Chapman's back, and evidence of early arthritis in her left knee. Dr. Smith has indicated Chapman's condition is permanent.
>
> The ALJ made much of the fact that Chapman has remained able to attend to most of her self-care needs and activities of daily living "with some accommodation." (R. 19) It is the "accommodation" that precludes Chapman from competitive employment. Chapman must get up and walk around for five to ten minutes after half an hour of sitting, and she must change positions frequently throughout the day. The VE testified that if an individual had to take five- to ten-minute breaks every half hour, and would be unable to work during those breaks, then the individual would be unable to maintain competitive employment. Further, the ALJ failed to take into account the side effects of Chapman's medications, as required by *Polaski*. OxyContin is an opiod agonist, significant side effects of which are somnolence and nausea. *See* www.rxlist.com "OxyContin"(04/12/07). Chapman testified her medications make her drowsy and affect her ability to concentrate, and there are numerous references in the medical records to her irritable bowel syndrome and nausea. The ALJ failed to evaluate Chapman's subjective complaints adequately pursuant to *Polaski*.

*Id*. at 15.

Further, Chief Magistrate Judge Zoss found that the record does contain substantial additional evidence to support Chapman's claim of disability based on the treating physician's opinion.

*Id.*
> The court also finds the ALJ failed to give proper weight to the opinion of Chapman's treating physician, Dr. Smith, which is entitled to great weight. *See Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005); *Prosch v. Apfel*, 201 F.3d 1010, 1012-13(8th Cir. 2000). Although the ultimate decision regarding disability is reserved for the Commissioner, *Ellis*, 392 F.3d at 994 (citing *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004)), a treating physician's opinion regarding a claimant's impairment should be controlling where it is supported by the other substantial evidence of record. *Id.* at 995; *Wiekamp v. Apfel*, 116 F. Supp. 2d. 1056, 1063 (N.D. Iowa 2000) (Bennett, J.) (citing *Kelley v. Callahan*, 133 F.3d 583, 589 (8th Cir. 1998)). In the present case, Dr. Smith's opinion that Chapman is unable to return to a normal work environment is supported by both the objective medical evidence and the testimony of Chapman and her mother.

Therefore, Chief Magistrate Judge Zoss recommends that the ALJ's decision should be reversed, and this case should be remanded for calculation and award of benefits. *Id.*

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298,

3

306 (8th Cir. 1996) (citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*).

In this case, no objections have been filed. Thus, the court concludes *de novo* review, required under the plain language of the statute only for "those portions of the report or specified proposed findings or recommendations to which objection is made," 28 U.S.C. § 636(b)(1) is not required here, and the court will instead review only for plain error. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (reviewing factual findings for plain error where no objections to magistrate judge's report were filed).

Upon plain error review, the court finds no grounds to reject or modify the Report and Recommendation. The Report and Recommendation is **accepted**, *See* 28 U.S.C.§ 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). Therefore, the ALJ's decision to deny benefits is **overruled.** The court **reverses** the ALJ's decision and **remands** this case to the Commissioner for calculation and award of benefits to Chapman.

**IT IS SO ORDERED.**

**DATED** this 21st day of May, 2007.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA